Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300 / Fax: 415.373.9435

*Interim Lead Counsel for Plaintiffs*
*Law and Briefing Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-02985-EJD <br><br> Judge:  Hon. Edward J. Davila <br><br> **STATEMENT RE SECTION 230** |
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-03001-EJD <br><br> Judge:  Hon. Edward J. Davila <br><br> **STATEMENT RE SECTION 230** |
| IN RE: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-cv-02777-EJD <br><br> Judge:  Hon. Edward J. Davila <br><br> **STATEMENT RE SECTION 230** |

STATEMENT RE SECTION 230
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Pursuant to the Court's July 18, 2024 order, Plaintiffs submit the following statement concluding that there have not been material changes in the law surrounding 47 U.S.C. § 230 that would alter the Court's analysis set forth in its September 2, 2022 order. Three developments—the Ninth Circuit's order in this case, a Supreme Court decision, and a subsequently published Ninth Circuit decision—could have resulted in material changes, but did not.

*First*, the Ninth Circuit's May 21, 2024 order in these cases confirms that this Court's analysis relied on the correct authorities. In setting out the applicable rule of law governing the Section 230 issues relevant to these cases, the Ninth Circuit relied upon three prior opinions: *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009); *Doe v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016); and *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676 (9th Cir. 2019). *See In re Facebook Simulated Casino-Style Games Litig.*, No. 22-16888, 2024 WL 2287200, at *2 (9th Cir. May 21, 2024). This Court relied on those same cases in its September 2, 2022 order. *See In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, 625 F. Supp. 3d 971, 985-991 (N.D. Cal. 2022).

*Second*, this Court's September 2, 2022 order relied on *Gonzalez v. Google LLC*, 2 F.4th 871 (9th Cir. 2021), which the Supreme Court later vacated in a per curiam order, *Gonzalez v. Google LLC*, 598 U.S. 617 (2023). But in vacating the Ninth Circuit's opinion, the Supreme Court expressly "decline[d] to address the application of § 230 to a complaint that appears to state little, if any, plausible claim for relief." *Gonzales*, 598 U.S. at 622. Consequently, while the portions of *Gonzalez* that address Section 230 are no longer binding precedent, they remain persuasive and have not been contradicted by subsequent Supreme Court authority. And even if the portions of the Court's September 2, 2022 order that rely on *Gonzalez* were to be removed from the Court's opinion, the reasoning and conclusion are still supported by the remaining citations, which the Supreme Court's order did not disturb (either expressly or by implication).

*Third*, in early June of this year, the Ninth Circuit issued a published opinion in *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 736 (9th Cir. 2024), which it intended to "clarify" the "scope of § 230(c)(1) immunity." The plaintiffs in *Calise* alleged that they encountered

STATEMENT RE SECTION 230
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

1

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

fraudulent advertisements on Meta's platform that were placed by third parties, and that they were thereafter scammed by those third parties. *See id.* at 737.[1] They asserted two sets of claims: contract claims based on the theory that Meta had broken its promise to combat scam advertisements, and non-contract claims based on the theory that Meta had a duty to "prevent fraud by third parties" who advertised on its platform. *See id.* at 743. The district court in that case reasoned that because "all of Plaintiffs' claims are premised on Meta's publication of third-party advertisements," all were barred by § 230. *Id.* at 737.

Relying on generally the same authority that this Court cited in September 2022, the Ninth Circuit reversed in part, finding that the plaintiffs' contract-based claims were not barred by § 230. Reiterating previous holdings, the court held that "it is not enough that a claim, including its underlying facts, stems from third-party content for § 230 immunity to apply." *Calise*, 103 F.4th at 742. The Ninth Circuit explained that:

> Meta asks us to apply a "but for" test: if Plaintiffs' claims hinge on publishing-related activity, then § 230(c)(1) bars that claim. Put differently, Meta argues that in each case where we rejected immunity, we did not need to consider the content posted on the defendant's website, yet here, finding Meta liable would require consideration of whether third-party ads are deceptive. As an example, it differentiates *Internet Brands* from this case because requiring the defendant in that case to warn about the perpetrators using its website to identify and recruit victims would not require it to "remove any user content or otherwise affect how it publishes or monitors such content." 824 F.3d at 849. True. But it is not true that "providing a warning" would not require "considering the content posted." How could Internet Brands warn about certain harmful content without considering what it was? Such a rudimentary fact-bound inquiry quickly falls apart and runs up against our precedent.

*Id.* All three defendants here unsuccessfully made the same argument in support of their motions to dismiss. *See* Mot. to Dismiss, *Facebook* dkt. 99 at 11 ("That means the claims necessarily would require evaluating the content of the third-party video games, and imposing liability on that basis is precluded by Section 230."); Reply in Support of Mot. to Dismiss, *Google* dkt. 73 at 3-4; Reply in Support of Motion to Dismiss, *Apple* dkt. 97 at 4-5. The Ninth Circuit's rejection

---

[1] The district court's opinion in that matter makes clear that Meta itself did not process the scam transactions. *See Calise v. Meta Platforms, Inc.*, No. 21-CV-06186-JSW, 2022 WL 1240860, at *1 (N.D. Cal. Apr. 27, 2022).

STATEMENT RE SECTION 230
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

2

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

of those same arguments just two months ago strongly suggests that there have been no material changes in the relevant law between September 2022 and today.

Rejecting Meta's proposed "but for" test, the Ninth Circuit reiterated in *Calise* that the correct analysis requires courts to consider the legal duty at issue. *Calise*, 103 F.4th at 742. In doing so, courts must first consider "the 'right' from which the duty springs[.]" *Id.* at 742. If that right "springs from something separate from the defendant's status as a publisher, such as from an agreement, *see Barnes*, 570 F.3d at 1107, or from obligations the defendant has in a different capacity, *see Lemmon*, 995 F.3d at 1092, then § 230(c)(1) does not apply." *Id.* Courts must also ask "what is this duty requiring the defendant to do? If it obliges the defendant to 'monitor third-party content'—or else face liability—then that too is barred by § 230(c)(1). *See HomeAway*, 918 F.3d at 682." *Id.* These principles are not new and were addressed by the Court in its prior order. *See Simulated Casino-Style Games Litig.*, 625 F. Supp. 3d at 986 (explaining how *Barnes* requires determining whether the alleged duty derives from the defendant's status as a publisher); *id.* at 989 (setting forth the monitoring analysis required by *HomeAway*).

The *Calise* court also discussed the principle that § 230 immunity does not apply if the plaintiff's claims "seek to treat [the defendant] as the publisher or speaker of its *own* content—or content that it created or developed in whole or in part—rather than the publisher or speaker of entirely third-party content." 103 F.4th at 744 (emphasis in original). As applied to the facts in *Calise,* the Ninth Circuit concluded that soliciting ad sales in China and providing training services and materials to China-based advertisers was not enough, on its own, to make Meta responsible for the downstream effects of publishing advertisements that lead to fraudulent conduct by a China-based third party. *See id.* at 737, 745-46. Again, this Court applied the same principles in 2022. *See Simulated Casino-Style Games Litig.*, 625 F. Supp. 3d at 995.

In sum, Plaintiffs are not aware of any new law that would materially affect the analysis in the Court's September 2022 order.

STATEMENT RE SECTION 230
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

3

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

|   |   |
|---|---|
|   | Respectfully Submitted, |
| Dated: August 7, 2024 | **EDELSON PC** |
|   | By: /s/ Todd Logan |
|   | Rafey S. Balabanian (SBN 315962)<br>rbalabanian@edelson.com<br>Todd Logan (SBN 305912)<br>tlogan@edelson.com<br>Brandt Silver-Korn (SBN 323530)<br>bsilverkorn@edelson.com<br>150 California Street, 18th Floor<br>San Francisco, CA 94111<br>Tel: 415.212.9300<br>Fax: 415.373.9435 |
|   | *Plaintiffs' Interim Lead Counsel*<br>*Plaintiffs' Law and Briefing Counsel* |

STATEMENT RE SECTION 230
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

4

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435