UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No.   5:21-md-02985-EJD<br><br>**ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 194 |
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No.   5:21-md-03001-EJD |
| IN RE: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION | Case No.   5:21-cv-02777-EJD |

On September 30, 2025, the Court issued an order granting Defendants Apple Inc.'s, Google LLC's, and Meta Platforms, Inc.'s motions to dismiss and certifying the order for interlocutory appeal.  Order, ECF No. 176.  On December 16, 2025, the Ninth Circuit granted Defendants' petition for permission to appeal.  ECF No. 185.  On January 7, 2026, the parties submitted a Joint Status Report, ECF No. 189, after which the Court ordered additional briefing as

Case No.: 21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD
ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL
1

to whether this Court retains jurisdiction to continue proceedings while the Ninth Circuit considers the Section 230 appeal. Order for Additional Briefing, ECF No. 190. The parties submitted the requested briefing. Pls.' Response ("Response"), ECF No. 191; Defs.' Reply ("Reply"), ECF No. 192. On February 3, 2026, the parties appeared before the Court for a Status Conference. ECF No. 194.

Based on the parties' briefing and the discussion at the Status Conference, the Court **STAYS** the case pending a ruling from the Ninth Circuit on the interlocutory appeal.

## I. BACKGROUND

The Court's most recent Order summarized the factual background of this case. Order at 2–3.

The relevant procedural background is as follows. Defendants first moved to dismiss all claims in 2022, arguing that Defendants were immune under Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"). ECF No. 92. The briefing focused on three theories of liability: (1) the promotion of social casino apps in the app stores (the promotion theory); (2) the processing of in-app transactions for virtual chips (the payment processing theory); and (3) the provision of support to casino app developers to drive increased user engagement and revenue (the business support theory). The Court ruled that Section 230 barred the promotion and business support theories but not the payment processing theory. ECF No. 106. The Court certified its order for interlocutory appeal, which the Ninth Circuit granted but later dismissed and remanded. ECF No. 119.

Defendants then moved to dismiss a second time, invoking Section 230 immunity as to the surviving payment processing theory. ECF No. 145. On September 30, 2025, the Court issued an order granting in part and denying in part the motions to dismiss. Order, ECF No. 176. The Court allowed some claims to proceed (including most of the consumer protection claims as well as the Kentucky loss-recovery claim), dismissed other claims (including most of the loss-recovery claims, the unjust enrichment claims, and the RICO claims), and dismissed still other claims with prejudice (including the California unjust enrichment and UCL claims). The Court again certified

Case No.: 21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD
ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL
2

United States District Court
Northern District of California

its order for interlocutory appeal.

On October 21, 2025, Plaintiffs filed a notice of their intent to amend their complaint. ECF No. 178. At a status conference on November 25, 2025, the Court expressed concern that filing an amended complaint would moot a potential decision from the Ninth Circuit. Transcript, ECF No. 184 at 5. Responding to that concern, Plaintiffs proposed filing an amended complaint, against which Defendants could "adopt their same arguments on Section 230," the Court could "issue likely the same order on 230," and that decision could be appealed with the amended complaint as the new operative complaint. *Id*. Plaintiffs shared a draft of their amended complaint with Defendants on December 12, 2025. Status Report at 1. On December 16, however, the Ninth Circuit granted Defendants' petition for permission to appeal. ECF No. 185. Defendants believed that in granting the petition, the Ninth Circuit divested this Court of jurisdiction over the case while the appeal is pending. Status Report at 5–10.

## II.   DISCUSSION

On January 8, 2026, the Court ordered Plaintiffs to submit additional briefing addressing three questions raised in Defendants' portion of the Status Report: (1) Does the Ninth Circuit's grant of the interlocutory review divest the Court of jurisdiction over the case while that appeal is pending?; (2) If not, can and should the Court exercise discretion to stay the case?; and (3) May the Court nonetheless proceed to issue orders on discovery? Order for Additional Briefing at 2.

The Court first addresses whether the Ninth Circuit's grant of interlocutory review divests the Court of jurisdiction, and, finding it does, does not reach the question of whether it may exercise discretion to stay the case. The Court then addresses whether it may continue to issue orders on discovery.

### A.    The Ninth Circuit's Grant of Interlocutory Review Under 28 U.S.C. § 1292(b) Divests the Court of Jurisdiction

In general, "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *accord Song v. MTC Fin., Inc.*, 812 F. App'x 609, 610 (9th Cir. 2020).

Case No.: 21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD
ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL

United States District Court
Northern District of California

That is because an interlocutory appeal only "divests the district court of its control over those aspects of the case involved in the appeal." *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 767 (9th Cir. 2025) (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023)).

Defendants make two arguments. First, they posit that since the Section 230 issue could terminate these actions in their entirety, the appeal affects—and thus stays—the whole case.[1] Status Report at 7 (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023)). Defendants also suggest that Section 230 is intended to provide immunity from suit rather than just from liability. *Id.* at 6 (citing *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc)). Plaintiffs disagree, contending that Defendants have incorrectly extended *Coinbase* beyond the arbitration context, and that Section 230 does not protect defendants from having to litigate. Response at 1–2. In Reply, Defendants contend that *Coinbase* is not limited to arbitration and that the text of Section 230 explicitly protects defendants from suit. Reply at 2.[2]

The Court finds Defendants' argument that Section 230 provides immunity from suit unavailing. Defendants point to the clause in Section 230 that states that "no cause of action may be brought" that is contrary to the statute. 47 U.S.C. § 230(e)(3). But the Tenth Circuit has held that Section 230 "provides immunity only from liability, not suit." *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181 (10th Cir. 2016). And the Ninth Circuit case Defendants themselves cite clearly states that Section 230 is designed "to protect websites against the evil of liability for failure to remove offensive content"; that case does not mention protection from suit.

---

[1] This argument derives from the *Griggs* principle. In that case, the respondent filed a Rule 59 motion to alter the judgment, then, while that motion was still pending, filed a notice of appeal. The Supreme Court noted than an appeal "divests the district court of its control over those aspects of the case involved in the appeal" and held that the appeal was null while the Rule 59 motion was pending. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

[2] Defendants also assert that Plaintiffs have wrongly relied on *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291 (9th Cir. 1982), which predates *Coinbase*. Reply at 1. The Court finds this argument unconvincing because Plaintiffs merely use *Plotkin* to state the general principle that an interlocutory appeal does not divest the trial court of jurisdiction to continue with other parts of the case. *See* Response at 1.

Case No.: 21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD
ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL
4

United States District Court
Northern District of California

United States District Court
Northern District of California

*Roommates.com,* 521 F.3d at 1174.  Thus, the Court concludes that Section 230 does not protect Defendants from suit.

The Court is, however, persuaded by Defendants' argument that the interlocutory appeal on the Section 230 issue deprives the Court of jurisdiction while the appeal is pending. Defendants rely on *Coinbase*, which held that a district court must stay proceedings while an interlocutory appeal on the question of "arbitrability" was ongoing.  *Coinbase*, 599 U.S. at 738. Plaintiffs argue that *Express Scripts* limited this finding to the arbitration context.  *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 767 (9th Cir. 2025).  In that case, the Ninth Circuit declined to extend *Coinbase* to the federal officer removal context.  *Express Scripts*, 139 F.4th at 767.  The defendants had argued that since the issue on appeal was whether the case belonged in state or federal court, the entire case was essentially involved in the appeal and should be stayed.  *Id*.  The Ninth Circuit disagreed, holding that a stay was unnecessary because the venue issue did not overlap with the questions that remained before the state court (including whether the claims had merit and whether the parties were entitled to discovery).  *Id*. at 771.  Thus, there was no risk that the district court and court of appeals "would be simultaneously analyzing the same judgment."  *Griggs*, 459 U.S. at 59.

Consequently, though Plaintiffs are correct that *Express Scripts* read *Coinbase* as limited to arbitration, it did so in the spirit of distinguishing why the specific concerns in *Coinbase* were not present in *Express Scripts*.  Fundamentally, *Express Scripts* relied on the *Griggs* principle: that to prevent a district and an appeals court from coming to inconsistent judgments, an appeal "divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs*, 459 U.S. at 58.  Furthermore, other courts have found that a district court may not grant leave to amend an aspect of the case that is pending before the court of appeals.  *Dayton Indep. Sch. Dist. v. U. S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990); *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003).  Here, since the Section 230 issue has the potential to terminate the actions in their entirety, the Ninth Circuit's consideration of the appeal stays any filing of an amended complaint.

Case No.: 21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD
ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL

**B.    The Court May Not Issue Orders on Discovery During the Stay**

Plaintiffs ask the Court to lift the discovery stay, at least with respect to written discovery. They hope lifting the stay would allow the case to progress while the Ninth Circuit considers the appeal and allow depositions to begin promptly after the appeal is concluded.  Status Report at 3. Defendants argue that an interlocutory appeal also divests the district court of authority to order discovery.  *Id.* at 8. (citing *May v. Shehan*, 226 F.3d 876, 880 (7th Cir. 2000)).

An appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.  Here, the Section 230 issue on appeal implicates and could theoretically dispose of the whole case.  *See supra* Part II.A.  Thus, the Court does not have authority to order discovery during the pendency of the appeal.  *Cf. May v. Shehan*, 226 F.3d 876, 880 (7th Cir. 2000) (finding that an interlocutory appeal of a denial of qualified immunity divested the district court of the authority to order discovery during the pendency of the appeal because "the ultimate question is . . . whether a public official should have to undergo the burdens of litigation.").

## III.    CONCLUSION

For the foregoing reasons, the Court ORDERS:

1.  All dates, deadlines, and further activity in this case are stayed pending a decision by the Ninth Circuit in the interlocutory appeal.

2. The Parties shall submit a joint status report within fourteen (14) days after the Ninth Circuit issues its opinion.  That status report shall inform the Court how the parties intend to proceed with this case in light of the ruling in the appeal.


**IT IS SO ORDERED.**

Dated: June 1, 2026



_____
EDWARD J. DAVILA
United States District Judge

Case No.: 21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD
ORDER STAYING CASE PENDING INTERLOCUTORY APPEAL
6

United States District Court
Northern District of California